Case number 136315. Prime Finish LLC v. ITW Deltar IPAC. 15 minutes per side. Ms. Brown for appellant. The case should be a little less complicated. I think so, Your Honor. Considerably less, I hope. May it please the court, my name is Danielle Brown and I am here on behalf of the appellant and the intervening plaintiff in the matter below Cameo LLC. I would like to reserve five minutes for rebuttal as the courtroom deputy indicated. I'd also like to take a brief opportunity to thank the court for its time this morning and to frankly admit that this is my first argument before this court, so if I step awry of what I should do, I hope that, I hope I won't need any indulgence or patience, but I would ask for that if that does happen. This is a matter that quite frankly involves a contract claim and a rights under another contract claim that has never ever been decided on the merits despite it having been pending since April of 2009, which was when Cameo filed its intervening complaint in the underlying district court matter. Summary judgment was initially granted by the district court in favor of ITW on the ground that Cameo didn't have standing to bring the claims. This court eventually ruled that that summary judgment had been, was reversible error and the matter was remanded back to the district court, at which point things, to put it kindly, went went a little bit bad. Cameo's counsel at the time after an order had been entered for status reports to be submitted by the parties, Cameo's then counsel moved to withdraw and asked for an extension of time for new counsel to provide that status report. Well the court made it clear exactly what it wanted, right? It did, your honor. You weren't in the case. I was not in the case. And so it made two or three entries saying what it wanted and your client didn't do anything. That's, my client did not do anything. My client's counsel, which was his second counsel in the matter, did not do anything and obviously. What should the court do under those circumstances if counsel's not doing what he's supposed to? I believe the court should respectfully look at whether or not this is an ongoing history of failing to comply, of thumbing the nose. Was there bad faith? Was there willful disregard? I don't like the pass-the-buck argument, your honor, but I will say that former counsel did acknowledge his error. He did apologize to the district court for his error and he asked that the punishment be put upon him rather than upon the client. I think in this case it was a relatively short amount of time that passed. Certainly no one can deny that a deadline was missed and it was. But what I would point to and looking at some of the other cases that we've cited in our brief and in our reply, this is a case of excusable neglect. But what substitute punishment do you think the court ought to do? Do you deny your client or say we're not going to hear any evidence in this case but you can proceed anyway or what? Well there had been, the court did construe counsel's status report as a request to reopen discovery and the court in construing that did deny that any further discovery could take place. I think that certainly could have presented some problems to Cameo going forward, not being able to take additional discovery. I think that was probably a sanction. I think that the attorney himself could have been sanctioned. That's Mr. Moores. That's Mr. Moores, yes. I don't want to fine impose against him. But you're not connected with him. No, no I'm not, your honor. The court found that you didn't really comply with one of the orders that said that you didn't do what it wanted. It was in the record. Your honor, I can't in any way shape or form deny and I don't think we've tried to deny that there was non-compliance with the court order. I think the question that we raise is whether that rose to the level of warranting what I would argue is the strictest sanction possible, which is a dismissal with prejudice. The Link case says that you can do it but then we have some cases later on says it might be an abuse of discretion if you don't think about alternative. That's why I'm asking you what sort of remedy does he need to do? Does he sanction you? As I said in my brief, I'd be hesitant to suggest that another attorney be sanctioned but I do believe that might have been an appropriate thing to consider as a less harsh sanction against Cameo. I understand... It was out of the case. It was your client's fault, right? I beg your pardon? If the previous lawyer had withdrawn from the case and then there wasn't anything done by your client, the previous lawyer shouldn't be sanctioned, should he? Well, there were two questions, Your Honor. I apologize. The first lawyer did appropriately move to withdraw and was granted leave to withdraw. The second lawyer was still acting... You don't suggest that lawyer be sanctioned? No, Your Honor, no. Mr. Moores is the next lawyer. Mr. Moores is the next lawyer. He's the third. Mr. Moores is the one who says he didn't notice his email and he didn't check the docket and so forth. That's correct, right. That's correct. Am I right? I mean, there are two things here. Obviously, there's this sort of fuss with the first lawyer withdrawing, but if I read the sort of timing, if everything had been done right, you would have filed a status report in early to mid-October, maybe October 8th or 13th or 17th. There was some confusion. Yeah, but because at some point there's a one-day wait for the order and he's three days late on getting counsel, but... And then he files in late November, so he's six weeks or so late. But then what he actually files, even though it's headed a status report, really isn't much of a status report. The judge does note simply as one phrase in a sentence, still has yet to assert that there are any reasonable claims remaining, which is what the judge really for in the status report. And, you know, how does that come in? I mean, she doesn't make a big deal about it, but she does mention it. She does, and in fact, that's that's a point I wanted to raise, and I'm glad that you said that, because that was her language. It still has yet to assert that there are any reasonable claims remaining. And I don't think it's an insignificant distinction to say what what the court did not say is, having looked at what you did say, we think your She said, cameo through your counsel, you didn't even assert that you had them. I think that's a difference that that bears noting. Should he have done it? Yes. Did the court require, ask him to do it? Yes. Or not ask him, require him to do it? Yes. Is that unfortunate? Yes. Was it excusable neglect? I believe it was. I don't think it rose to the level of willful non-compliance, consummations misconduct, etc. Why was it excusable neglect? Because I see at least three orders where your client was ordered to turn over these, to submit the report, and and didn't comply. And once you get into three or four occasions, then that would seem to rise above the level of excusable neglect. I believe in looking at the issue of how much time we're talking about, the fact that there wasn't any bad faith, there wasn't, although there were certainly more than one order issued by the court to do this status report, I think once the attorney for cameo at the time caught on to the fact that he hadn't done it and he'd missed that deadline, albeit had missed earlier deadlines as well, he did get something for an extension on August 29th, 2010 that ordered cameo to file this report and no later than 14 days the new attorney came in, did not comply with the 14 days. On August 31st, there was a new order for the status report which noted the original August 10th and August 29th orders, in other words, noted two prior orders. No status report was filed in response to the October 31st, 2010 order and on November 15th, the court entered an order to show cause for failure to comply with October 31st order. Five days later, there was an apology filed by the attorney for cameo but still, there's still no report and at some point it gets to be too much. If I may, the request for the extension of time was actually made by the original counsel for cameo in conjunction with his motion to withdraw because he knew that he was withdrawing. But the order permitting the withdrawal reiterated the 14-day requirement that the new counsel would have known about when he came into the case. And presumably the new counsel should have known about all of those interim orders that came in that said, please do this, really do this, you need to do this. Aren't there really two deadlines that were missed? That after he comes in, there's an October 17th deadline and that's missed. Yes. Then the judge issues the October 31 order, says do this by November 7 and that one's missed and then there's the show cause and he does file something. So there's two that he doesn't do the timing and then the third where he files something that may have been deficient. Correct. Am I correct that he, at least in his explanation, he doesn't say I knew about it and I was busy. He said I blew knowing about it. I didn't know about it. Because I didn't read my emails and I didn't check the docket. That's correct. I think there was a difference of perspective, if you will, of yes, there were orders that were missed. Mr. Moore's explanation, however, was it wasn't that I saw them and then just failed to comply with them or failed to meet those deadlines. I simply just didn't see them until this last one came in and, you know, please forgive. Okay, counsel, you'll have your remaining time for rebuttal. Thank you, your honor. May it please the court, I'm Lee Rosenthal. I represent ITW in this case. I think a special background is how we got back down to the district court is important. This case was here before on a summary judgment that ITW had received that essentially ITW and another company named Prime Finish had entered into a contract. ITW terminated that contract on the basis that this other company, Prime Finish, had not met the agreed upon quality standards. They were painting products for us. If that was the case, we did not owe any money for terminating the contract. If it was found that we terminate the contract for any other reason, we owed this early termination penalty payment. Cameo was not a party to that. They intervened. We got summary judgment that they didn't have standing. We came back up here. The court came up here. The court held that they had standing to sue ITW, but they also, the Sixth Circuit also held that the right to collect the early termination penalty payment had not been transferred to Cameo and that ITW would not be justified in paying that penalty directly to Cameo. Now at that point, the claims that Prime Finish had brought had been settled, released, and dismissed with prejudice. So then we go back down to the district court and looking at this order, the district court wants to know, well, if the right to the only damages possible in this case hasn't been transferred to Cameo, how can they recover in this case? While they may have standing, can they actually recover damages? And that's where this status report request comes in. We file our status report stating that based on the Sixth Circuit ruling, there's no damages that they can collect. In fact, at that point is when we get into their counsel withdrawing and motion for extensions. Did you think this status report was in the nature of a summary judgment or should have put them on notice as being? Well, I think it was. I mean, obviously when I received it, that was how I viewed it. If the case had moved differently, I would have filed for summary judgment. The Sixth Circuit did send it back, so it was alive in that sense. Correct. Saying that there was standing to whether Cameo could actually recover that early termination penalty payment. So in our status report, we say, no, you know, they have standing, but there's no actual damages to be recovered here. It's at that point when the motion to withdraw is granted and the motion for extension is granted, they're given 14 days from entry to file a status report. We just went through that. Do you sort of agree with what I said to opposing counsel is that, you know, the new counsel came in October 17th. If he'd filed on October 17th, everybody would have been hunky dory. He missed that one. He missed the November 7th. So he missed two. He comes in six weeks late, files something that's pretty thin. Is that a fair representation? That's correct. And I think, and I guess my question is, as Judge Seiler indicated, Rule 41's pretty clear that you may do things and then we have, you know, I've read a dozen cases, some of which go one way, some of which go the other way, but if you look at them in whole, this guy was six weeks late and most of the cases, you know, you didn't have to go to a meeting where you wasted your time. He came in six weeks late and filed something that was pretty thin and why shouldn't we just say, you know, let's find out how thin. You make a motion for summary judgment, court can decide it. I think it's important to look beyond the amount of time. If for whatever reason the district court had waited four months between its October 30th order and its November 15th order instead of 15 days, I don't think that would have changed anything. The concentration of the district court was the continual ignoring of the orders. The fact that they came within a close period of time doesn't really change it. Ignore this, ignore this, ignore this. Plus, once it was actually filed, it was not what the district court wanted. So the district court dismissed for the ignoring of the orders, the failure to show calls, and when something was actually filed, and even at this point they've never stated what claims still exist. So really it's not just the ignoring of the orders, it's the fact that the district judge based on the Sixth Circuit ruling really wanted to know, you know, what claims are we going forward with? So, and the only status report they received that addressed that was ours that said there are no claims. Is there any alternative sanction that the court could have done instead of dismissing it with prejudice? Well, there's always alternative sanctions. I mean, I can't say no, there's no sanctions. It's all depending on the judge's discretion as to what Judge Coffman felt was the appropriate sanction for these continual ignoring of the orders and then not complying with it, and then not showing calls. Denying further discovery would be a fairly significant sanction, wouldn't it? Well, if that is the sanction, then I don't know if it means I'm also denied further discovery because we're now... I mean, I thought your indication was based on your status report, you ought to win without any more... Correct. Oh, sure, I mean... But if I did not win on summary judgment based on that, then certainly... Well, the court could sanction the other side with having no discovery, but allow you to proceed with discovery. How about that as a sanction? They could, but you never know what you're... Dismissal without prejudice, what about that? That's a good one, right? There's certainly other sanctions that you could consider. There's other things that... Or find the lawyer. Yeah, absolutely. There's other things you consider. So the ultimate question is, was the sanction that the judge chose, was that an abuse of discretion or not? There's certainly other sanctions. One of the factors listed in that Harmon case, Harmon versus X case, is were other lesser sanctions considered or imposed? And in that case, it doesn't require... It's noted in there, it doesn't require that the judge's dismissal order say, I considered no discovery, decided that wasn't enough. I considered fining the other attorney, decided that wasn't good enough. It just says that the fact that it's not in the actual order doesn't mean that the judge didn't consider lesser sanctions. The fact that Judge Kaufman didn't put in her order, I considered fining Mr. Moores or stopping discovery doesn't mean she didn't think that through before she entered her order dismissing with prejudice. What about the prejudice your client would incur if this was reinstated? Well again, it's... And is that something the judge should have given more consideration to? If she considered the four factors, that's one of the four factors I just mentioned is a situation more than two years after remand, not knowing if there's actually any claims against my client. At some point, my client would like closure on the case. The fact that it still remains open, I believe, is prejudicial to my client without knowing are we ever going to owe any money if it's found that way to anybody. Between October and November, nothing happened in terms of evidence being lost and that sort of thing? Not that I'm aware of. Between the remand... If the judge had not dismissed it, could have said, hey, I want you guys here next week to tell me whether there's anything left in this case, then the case could have perhaps been finished. Correct. If they had filed a status report and complied with the orders, then obviously I think the case would have taken a different path. You may have said to me, you know, you go ahead and file your summary judgment, but with them not complying, it's hard to guess what would have happened down the road. Obviously, if you win right away, you don't want to complain about it. Right. There was no... The way it played out after the remand, there was really no time to do anything other than, from my side, just to sit there. We complied with the one order we had. There had been no scheduling order that allowed us to do anything else. So other than filing the status report, there was nothing we could do. You guys did what you were supposed to. Correct. Anything else, counsel? The only thing we haven't talked about is the motion to reconsider that they also appealed, which essentially was the same issues that were the same reasons, and they were put in the show call, the response to the show calls. I think at that point, there was a new district judge. He found that it was essentially the same arguments. It was an appeal of a fully informed decision, and I think he was correct in that, and then it was just a rehash of what had already been decided. Okay. Anything else? I think that's it, Your Honor. Thank you, counsel. You have your remaining time for rebuttal. Unless the court has additional questions, I really don't believe there's a lot left to say other than I would like to reiterate, as we did in our brief, the preference in this and other circuits for a decision on the merits. Okay. Thank you, counsel. That case will be submitted, and the clerk may call the next case.